IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

JOHN SANER,

DEBTOR.

Case No.: BK-11-15626-NLJ
Chapter 13

HSBC BANK USA, NATIONAL TRUST COMPANY AS TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATE HOLDERS OF CITIGROUP MORTGAGE LOAN TRUST,
INC., ASSET-BACKED PASS-THROUGH TRUST 2005-SHL-1'S

**SUPPLEMENTAL BRIEF**

COMES NOW, HSBC BANK USA, NATIONAL TRUST COMPANY AS THE TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-THROUGH TRUST 2005-SHL-1 ("HSBC"), a secured creditor and party in interest to these proceedings, and pursuant to this Court's Order Directing Supplemental Briefing, submits this Supplemental Brief to address the case of *Miller v. Deutsche Bank National Trust Co.* (*In re Miller*), 666 F.3d 1255 (10th Cir. 2012) and respectfully concludes that *Miller* would not impact the case at bar due to procedural dissimilarities between this case and *Miller* that would preclude re-litigation of the issue of HSBC's standing under the doctrines of *Rooker-Feldman* and/or claim preclusion.

1.   *Rooker-Feldman*

The *Rooker-Feldman* doctrine "generally prohibits federal courts from entertaining suits by parties who have lost in state court and who seek review of state court decisions in federal court." *In re Miller*, 666 F.3d at 1260. Put another way, the "*Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court

judgment from bringing a case seeking review and rejection of that judgment in federal court." *Id.* at 1261.

In *Miller*, the Colorado state court had made a determination of standing under Colorado's non-judicial foreclosure law. The debtor then filed bankruptcy and the lender moved for relief from the automatic stay. The debtor filed an objection to the motion for relief on the grounds that the lender did not have standing. Based on these procedural facts, the 10th Circuit Court of Appeals concluded that the *Rooker-Feldman* doctrine did not apply because it was not the debtor who was seeking affirmative relief in the bankruptcy court (thereby raising the issue of standing at the federal level) but by seeking relief from the automatic stay, it was the lender who was bringing up the issue of its standing in the federal court. As such, the 10th Circuit Court of Appeals held the *Rooker-Feldman* doctrine inapplicable.

In the case at bar, however, it is the debtor who is raising the issue of standing in the Bankruptcy Court. HSBC is a secured creditor with a valid lien on real property listed in the debtor's schedules. As such, HSBC is entitled to file a proof of claim. However, by filing an objection to HSBC's claim on the basis of standing, the debtor is attempting to re-litigate the issue of standing at the federal court level. "[T]he appropriate place for a full and final adjudication of the parties' respective interests in the Property is the Oklahoma courts." *Thomas v. Federal National Mortgage Association* (*In re Thomas*)(B.A.P. 10th Cir. 2012, B.A.P. NO. WO-11-037). Such full and final adjudication has already occurred at the state court level and should not now be revisited in federal court. Doing so is precluded by the *Rooker-Feldman* doctrine.

2.     Claim Preclusion.

In *Miller*, the 10th Circuit Court of Appeals held that doctrine of issue and/or claim preclusion would not apply because standing in *Miller* was not determined at the state court level by a final judgment. The *Miller* decision arose under Colorado law non-judicial foreclosure law. As indicated by the *Miller* Court, the initial standing decision was made pursuant to Colorado law and was not a final judgment or order. "The Colorado Court of Appeals, has stated, that proceedings pursuant to C.R.C.P. 120 are not adversarial in nature, are not final, and generally no appeal may be taken to review the resulting order." Colo. R. Civ. P. 120(d). Accordingly, the Court held that issue/claim preclusion would not bar review of the standing decision in federal court.

However, in this case, the issue of standing was finally and judicially determined. The doctrine of claim preclusion, also known as res judicata, prevents re-litigation of previously litigated claims and consists of four elements: (1) the same claim; (2) the same parties; (3) the claims were or should have been raised; and (4) a final judgment on the merits. *In re Thomas*, 362 B.R. 478 (B.A.P. 10th Cir. 2007). The underlying judgment in this case was the same claim (whether HSBC had standing), was between the same parties, was raised and was determined by a final, appealable judgment. Thus, unlike *Miller*, the doctrine of claim preclusion would apply and would prevent the debtor from attempting to re-litigate the issue of HSBC's standing in this Court.

## **CONCLUSION**

The *Miller* decision is procedurally distinguishable in two compelling ways. First, unlike in *Miller* it is the debtor, not the creditor, who is raising the issue of standing in federal court. Thus, the *Rooker-Feldman* doctrine is applicable. Second, the decision in this case is a final judgment in Oklahoma state court, as opposed to a non-judicial, non-final holding made pursuant

to Colorado non-judicial foreclosure law. Accordingly, the doctrine of claim preclusion prohibits revisiting the issue of HSBC's standing. Under either and/or both of the above analyzed doctrines, the result is the same: The Order Denying Debtor's Objection to Secured Creditor's Standing to File a Proof of Claim should be accepted as presented, executed and filed by the Court.

                Respectfully submitted,

                **BAER, TIMBERLAKE, COULSON & CATES, P.C.**
                By:    s/ Robert J. Hauge_____
                        Robert J. Hauge, OBA #20007
                        6846 South Canton Ave., Ste. 100
                        Tulsa, OK 74136
                        (918) 491-3127 - *telephone*
                        (918) 491-5424 – *facsimile*
                        Email: rhauge@baer-timberlake.com
                        *Attorney for Creditor*

**CERTIFICATE OF SERVICE**

     I certify that on July 12, 2013, a true and correct copy of the above and foregoing instrument was served upon the parties listed below, by electronic servicing through the CM/ECF system:

John Hardeman
P.O. Box 1948
Oklahoma City, OK  73101

Roland V. Combs, III
1316 N.W. 10th Street
PO Box 60647
Oklahoma City, OK  73146-0647


s/ Robert J. Hauge_____
Robert J. Hauge

Case: 11-15626 Doc: 86 Filed: 07/12/13 Page: 5 of 5