IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

JOHN SANER,

DEBTOR.

Case No.: BK-11-15626-NLJ
Chapter 13

**HSBC BANK USA, NATIONAL TRUST COMPANY AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-THROUGH TRUST 2005-SHL-1'S**

**SUPPLEMENTAL REPLY BRIEF**

COMES NOW, HSBC BANK USA, NATIONAL TRUST COMPANY AS THE TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-THROUGH TRUST 2005-SHL-1 ("HSBC"), a secured creditor and party in interest to these proceedings, and pursuant to this Court's Order Directing Supplemental Briefing, submits this Supplemental Reply Brief to respond to the Debtor's Reply Brief and to further address the case of *Miller v. Deutsche Bank National Trust Co.* (*In re Miller*), 666 F.3d 1255 (10th Cir. 2012) and respectfully concludes that *Miller* would not impact the case at bar due to procedural dissimilarities between this case and *Miller* that would preclude re-litigation of the issue of HSBC's standing under the doctrines of *Rooker-Feldman* and/or claim preclusion.

The Debtor has argued in his Reply Brief that this Court has determined certain facts and made conclusions or determinations of law that would rest in the State court. The issue of the evidentiary hearing and the question before the Court is whether HSBC has standing to file a proof of claim in the Debtor's chapter 13 bankruptcy. The Court correctly determined that the

evidence in front of the Court was a valid, unappealed, final judgment and the direct collateral attack of the judgment should be in the state trial court or the appropriate appellate courts. The debtor to date has not raised these issues in either of those forums. The issue of standing determined by the state court judgment against the debtor should not be re-litigated through the claim objection process and application of the *Rooker-Feldman* doctrine or claim preclusion principles support the decision announced by the Court during the November 28, 2012 evidentiary hearing. HSBC is a creditor of the Debtor and has standing to file a proof of claim in the Debtor's chapter 13 bankruptcy proceeding.

1. ***Rooker-Feldman***

The Debtor has asserted that the *Rooker-Feldman* doctrine does not apply arguing that the winner in state court seeking affirmative relief cannot rely on the *Rooker –Feldman* doctrine. HSBC prevailed in state court, was found to have standing and granted a final judgment of foreclosure. The Debtor's counter motion for summary judgment based solely on the issue of standing was expressly denied. HSBC has filed a proof of claim as a secured creditor of the Debtor asserting the same standing and rights judicially established in state court. The Court correctly determined that the Debtor in objecting to standing to HSBC's proof of claim was re-litigating the standing issue in federal court. The bankruptcy Court cannot serve as an appellate court of the state trial court and review the final judgment of the state court. The *Rooker-Feldman* doctrine does apply to the underlying facts of this case and is distinguishable from the Miller case due to the Saner judgment being a full and final judgment. The arguments of the Debtor and relief, if any, should be provided by the state trial or appellate courts.

2. ***Claim Preclusion***

The Debtor has argued that the principles of res judicata or collateral estoppel do not bar the Court in its determination that HSBC has standing.  The Debtor correctly states that the doctrine of res judicata makes a valid, final judgment on the merits conclusive as to all matters that should or could have been litigated in reference to the same cause of action. The debtor was a party to foreclosure litigation in state court, participated in the defense of the litigation, and his attorney signed off on the judgment of foreclosure rendered by the trial court.  Res judicata clearly applies to the facts of the present case.

The Debtor cites a select portion of the transcript from the evidentiary hearing of September 26, 2012 to support the position that res judicata does not apply quoting the Heiser decision.  However, the Debtor failed to include the last sentence as referenced by the Court which stated:

> "But it is quite another matter to say that the bankruptcy court may re-examine the issues determined by the judgment itself.  That is according to the latest case, the most on-point case that I could find."

The issue of HSBC's standing was determined by the state court and the debtor should not be allowed to attack the final judgment of a state court through the claim objection process.  Res judicata or collateral estoppel applies to the state court's determination of the issue of HSBC's standing.

3. *HSBC is a secured creditor of the Debtor*

The Debtor states that the Court must determine that HSBC is a creditor of the Debtor.  A "creditor" includes an entity that has a claim against the debtor."  11 U.S.C. § 101(10)(A).  HSBC is a secured creditor with a valid lien on real property listed in the debtor's schedules.  "The appropriate place for a full and final adjudication of the parties' respective interests in property is the Oklahoma courts." *Thomas v. Federal National Mortgage Association (In re*

*Thomas*)(B.A.P. 10th Cir. 2012, B.A.P. No. WO-11-037).  A full and final adjudication of the property interest has occurred in the state courts and HSBC's interest in the property was judicially determined.  HSBC is a creditor of the Debtor.

## CONCLUSION

The argument or issues identified by the Debtor in his reply are brought in the wrong forum and are barred by the application of the Rooker-Feldman doctrine, res judicata or collateral estoppel.  The *Miller* decision is procedurally distinguishable in two compelling ways.  First, unlike in *Miller* it is the debtor, not the creditor, who is raising the issue of standing in federal court.  Thus, the *Rooker-Feldman* doctrine is applicable.  Second, the decision in this case is a final judgment in Oklahoma state court, as opposed to a non-judicial, non-final holding made pursuant to Colorado non-judicial foreclosure law.  Accordingly, the doctrine of claim preclusion prohibits revisiting the issue of HSBC's standing.  Under either and/or both of the above analyzed doctrines, the result is the same:  The Order Denying Debtor's Objection to Secured Creditor's Standing to File a Proof of Claim should be accepted as presented, executed and filed by the Court.

Respectfully submitted,

**BAER, TIMBERLAKE, COULSON & CATES, P.C.**
By:    s/ Robert J. Hauge_____
         Robert J. Hauge, OBA #20007
         6846 South Canton Ave., Ste. 100
         Tulsa, OK 74136
         (918) 491-3127 - *telephone*
         (918) 491-5424 – *facsimile*
         Email:  rhauge@baer-timberlake.com
         ***Attorney for Creditor***

**CERTIFICATE OF SERVICE**

     I certify that on July 26, 2013, a true and correct copy of the above and foregoing instrument was served upon the parties listed below, by electronic servicing through the CM/ECF system:

John Hardeman
P.O. Box 1948
Oklahoma City, OK  73101

Roland V. Combs, III
1316 N.W. 10th Street
PO Box 60647
Oklahoma City, OK  73146-0647


s/ Robert J. Hauge_____
Robert J. Hauge