**Dated: April 24, 2014,  03:51 PM**

**The following is ORDERED:**



Niles Jackson
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE: )
)
JOHN SANER, ) CASE NO. 11-15626-NLJ
) Chapter 13
Debtor. )
)

### ORDER DENYING HSBC'S REQUEST TO VACATE DECEMBER ORDER

On December 20, 2013, this Court entered its Order Regarding Evidentiary Hearing on the Issue of Standing upon *Sua Sponte* Reconsideration, Ordering Case Held in Abeyance and Setting Status Conference (the "December Order").[1]  In the December Order the Court declined to rule on the standing issue and urged HSBC to seek relief from the automatic stay to return to state court "for the purpose of disclosing the existence of what appears to be materially false evidence contained in the Foreclosure Petition and the Blum Affidavit to the state court judge."  The Court further stated it would "hold this case in

---

[1] By this reference the December Order is hereby incorporated by reference as if fully set forth herein.  Defined terms set forth in the December Order appear in this Order without further definition.

abeyance for a reasonable time pending resolution of the problems in the Foreclosure Action," and would convene a status conference in February for a status report.

At the February 24, 2014 status conference, HSBC's counsel informed the Court that HSBC had not returned to state court, but instead desired to file a supplemental brief that addressed new issues raised by the Court in the December Order. The Court granted HSBC's request and set a briefing schedule and a hearing date.

HSBC subsequently filed its Response [ ] to Order Regarding Issue of Standing Upon *Sua Sponte* Reconsideration, which ultimately asks the Court to vacate the December Order (the "Request to Vacate"). Debtor requested and obtained leave to file a response out of time, then filed his response on April 18, 2014. The Court conducted a hearing on HSBC's Request to Vacate and Debtor's response thereto on April 21, 2014.

At the hearing, HSBC's counsel again argued this Court cannot revisit the standing issue that was determined by the state court Judgment, which Judgment was not appealed. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149 (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303 (1983); *Abboud v. Abboud (In re Abboud)*, 237 B.R. 777 (10th Cir. B.A.P. 1999). However, as the Court pointed out, it has an independent duty to ascertain that HSBC has standing to file a proof of claim in this case. *See In re Thomas*, 469 B.R. 915, 921 (10th Cir. B.A.P. 2012)("[S]tanding is a threshold issue in every federal case, on which the party seeking relief bears the burden of proof.")(citations omitted).

In this case, the Court convened an Evidentiary Hearing on Standing on September 26, 2012, so that it could carry out its duty to make a determination regarding the existence of HSBC's standing in this case. At the inception of that hearing, the parties announced that counsel for HSBC had disclosed to Debtor's counsel on the previous day that HSBC

had just discovered it did not possess the original Note, but instead found the Lost Note Affidavit in its collateral file.[2] Notwithstanding the glaring absence of the original Note and the fact that the Lost Note Affidavit predated the filing of the Foreclosure Action, HSBC's counsel attempted to proceed in reliance upon its Judgment. He reiterated the Judgment's finding that all allegations in the petition were true, which allegations included a representation that HSBC was the holder of the note and entitled to enforce the note, as well as the finding that HSBC was the owner and holder of the Note and Mortgage. He also pointed out that the Judgment had not been vacated or timely appealed, thus was a valid state court judgment to which this Court was obliged to accord full faith and credit and find that HSBC possessed the requisite standing to proceed in this case. He further argued that the bankruptcy court was not the proper venue in which to raise standing — rather the standing issue should be raised via a petition to vacate in the state court proceeding.

The Court noted that it had reviewed the pleadings from the state court foreclosure proceeding, particularly HSBC's motion for summary judgment, Debtor's response and counter motion for summary judgment, and HSBC's response to the counter motion. In those pleadings, Debtor challenged HSBC's standing a total of thirteen times. The Judgment specifically denied Debtor's counter-motion, which could be construed as an implicit denial of Debtor's challenge to HSBC's standing. In response, Debtor's counsel

---

[2] According to Oklahoma law, "[t]o commence a foreclosure action . . . a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing." *Deutsche Bank Nat'l Trust v. Brumbaugh*, 270 P.3d 151, 154 (Okla. 2012) (citing *Gill v. First Nat'l Bank & Trust Co.*, 1945 OK 181, 195 Okla. 607, 159 P.2d 717 (Okla. 1945). With a very limited exception, a person entitled to enforce a note must be in possession of the original note — that person must be a "'holder' of the note or a 'nonholder in possession of the note who has the rights of a holder.'" *Brumbaugh* at 153; OKLA. STAT. tit. 12A §§ 1-201(b)(21), 3-204 and 3-205.

pointed out that HSBC was attempting to enforce the Note in this case, not the Judgment, and could not establish standing to do so.

HSBC's counsel conceded that his office had relied upon the Copy in both the Foreclosure Action and this bankruptcy proceeding. He admitted he did not discover that the original Note was missing until he opened the collateral file, for the first time ever, the day before the September 26, 2012, hearing before this Court.

When counsel for HSBC sought to admit the Lost Note Affidavit into evidence, Debtor's counsel objected based upon lack of authentication. Debtor's counsel pointed out that § 3-309 of Oklahoma's Uniform Commercial Code provides certain criteria that must be satisfied in order to proceed when the note has been lost. OKLA. STAT. tit.12A, § 3-309. After reviewing § 3-309, the Court agreed that HSBC needed to satisfy the requirements set forth therein before proceeding with the Lost Note Affidavit. The Court therefore continued the hearing to November 28, 2012, to allow HSBC to present a witness to testify and satisfy those requirements.

The Court reconvened the evidentiary hearing on November 28. Although the sole reason for the continuance was to allow HSBC to present a witness to authenticate the Lost Note Affidavit, counsel for HSBC appeared at the continued hearing without a witness. He contended it was not necessary to authenticate the Lost Note Affidavit because the Judgment contains a specific finding that HSBC is the owner and holder of the Note. He also stated that when the state court judge rendered judgment in favor of HSBC despite Debtor's thirteen challenges to HSBC's standing, the judge implicitly found HSBC had standing. Counsel for HSBC represented that the Foreclosure Judgment was a valid judgment that Debtor had neither appealed nor moved to vacate, thus this Court should accord full faith and credit to the Foreclosure Judgment.

Counsel for Debtor pointed out that the date of execution of the Lost Note Affidavit, July 18, 2005, rendered it impossible for the plaintiff in the Foreclosure Action filed September 12, 2012, to have been the "holder" of the Note when it filed the foreclosure petition, as required by Oklahoma law. Debtor's counsel argued the state court judgment was void because contrary to the allegations in the petition that HSBC was the owner and holder of the Note, HSBC did not hold the Note at the time the foreclosure was filed or any time thereafter. Thus, HSBC made a misrepresentation during the entire state court proceeding. He further argued Debtor could raise standing in this Court without returning to state court to contest the validity of the Foreclosure Judgment.

Notwithstanding its oral ruling in favor of HSBC at the conclusion of the hearing, the Court subsequently reconsidered its ruling, *sua sponte*, and issued its written opinion in the December Order. That opinion urged HSBC to return to state court to remedy the problems that plagued the Judgment, which necessitated locating the appropriate witness so that the requisite criteria of § 3-309 could be satisfied and HSBC could proceed even though the Note had been lost.

This Court has given HSBC two opportunities to comply with the provisions of § 3-309 — once in bankruptcy court and once in state court — and it has declined both opportunities. Thus, in this Court's opinion, HSBC has failed to satisfy its burden of proving that it possesses the requisite standing. While it does indeed possess a state court Judgment, everyone in the courtroom earlier this week either explicitly or implicitly acknowledged the Judgment is problematic. As previously set forth, the date of execution of the Lost Note Affidavit establishes that neither Wells Fargo nor HSBC was a holder of the Note at any time during the Foreclosure Action, contrary to the representations made

in that action.³ Thus, the Judgment was based upon the erroneous statement in the Petition "[t]hat the Plaintiff is the present holder of said note and mortgage . . . and is duly empowered to bring this suit." Wells Fargo's subsequent Motion for Substitution, asking that HSBC be substituted as Plaintiff, was granted based upon the erroneous representation that HSBC was the holder of the Note at that time. The state court granted HSBC's motion for summary judgment based in part upon the sworn affidavit of Justin Blum, Foreclosure Litigation Specialist for Wells Fargo (servicing agent for HSBC), dated December 4, 2009, that falsely declared that HSBC was the holder of the loan evidenced by the Note and was the current holder of the Mortgage. Also incorrect are the recitations in the Judgment that HSBC introduced its note and mortgage, that the state court judge heard evidence and was fully advised, and that the allegations of [HSBC's] petition were true, and the Judgment contains the erroneous finding that HSBC was the owner and holder of the note and mortgage. While we know that bankruptcy counsel failed to open the collateral file until the day before the scheduled hearing, it is unknown whether HSBC's foreclosure counsel ever opened the collateral file. However, Debtor's thirteen challenges to HSBC's standing should have prompted foreclosure counsel to check the collateral file to be sure it contained original documents. Based upon the foregoing, this Court cannot in good conscience rely on the Judgment as conclusive evidence of HSBC's standing.

Accordingly, as announced at the conclusion of the hearing, HSBC's request to vacate the December Order is denied. The Court *again* declines to rule on the issue of

---

³ The Lost Note Affidavit was executed on July 18, 2005, by Juanita A. Gephardt, AVP, Washington Mutual Bank (predecessor in interest to Wells Fargo and HSBC), thus pre-dating the July 27, 2009, commencement of the Foreclosure Action.

6

HSBC's standing to file a claim in this bankruptcy,[4] and *again* urges HSBC to seek relief from the automatic stay to return to state court "for the purpose of disclosing the existence of what appears to be materially false evidence contained in the Foreclosure Petition and the Blum Affidavit to the state court judge." Additionally, if HSBC desires to attempt to establish standing without possession of the original Note, this represents its third opportunity to present the appropriate witness to satisfy the criteria of § 3-309.

# # #

---

[4] By declining to rule on the merits of Debtor's claim objection, the Court avoids any appearance of conducting "impermissible appellate review of the State Court's Judgment." *Abboud*, 237 B.R. at 780.