UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In Re: }
    JOHN SANER }  Case No. 11-15626
     }  Chapter 13
    Debtor }
     }

## AMENDED PLAN

1. **Amended Plan.**

        /s/Roland V. Combs, III
        Roland V. Combs, III, OBA#11073
        P.O. Box 60647
        Oklahoma City, OK 73146
        405-942-7866 Telephone
        405-942-7845 Facsimile
        E-mail: rolandvcombs@sbcglobal.net
        **ATTORNEY FOR DEBTOR**

### CERTIFICATE OF SERVICE

I, Roland V. Combs, III, hereby certify that on this 20$^h$ day of August, 2015, a true and correct copy of the above Amended Plan was electronically served using CM/ECF system to: US Trustee and John T. Hardeman Chapter 13 Trustee

Further, I certify that on the 20th day of August, 2015 a true and correct copy of the Amended Plan was mailed via U.S. Mail, first class, postage prepaid and properly addressed to the following at the address shown.

John Saner
1716 Magnolia Lane
Edmond, Oklahoma 73013

And

Matrix

        /s/Roland V. Combs, III

United States Bankruptcy Court
Western District of Oklahoma

IN RE:                                                                          Case No. 11-15626
Saner, John                                                                     Chapter 13
_____
           Debtor(s)

AMENDED CHAPTER 13 PLAN

☐ Original ☒ Amended  Date: August 20, 2015.

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

### 1. PAYMENT AND LENGTH OF PLAN

(a) Debtor shall pay $ 638.90 per **month** to the Chapter 13 Trustee starting November 14, 2011 for approximately 36 months.
  ☒ Debtor will pay directly to the trustee
  ☐ A payroll deduction order will issue to the Debtor's employer:

(b) Joint Debtor shall pay $ _____ per _____ to the Chapter 13 Trustee starting _____ for approximately ____ months.
  ☐ Joint Debtor will pay directly to the trustee
  ☐ A payroll deduction order will issue to the Joint Debtor's employer:

(c) Other payments to trustee: _____

(d) Total amount to be paid to Trustee shall be not less than $ 21,899.90.

### 2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)
Counsel for the debtor intends to seek compensation in excess of the no-look amount typically approved by the Court. Counsel will file a fee application with time records attached within 60 days of confirmation of the plan. The fee sought will not exceed the amount available based on the plan.

### 3. SECURED CLAIMS: MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. § 506
HSBC Bank USA, National Trust Company as Trustee for the benefit of the certificate holders of Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Trust 2005-SHL-1 and/or Wells Fargo Home Mortgage assert they hold a mortgage on Debtor's home located at 1716 Magnolia Lane, Edmond, Oklahoma. Debtor disputes the validity of the asserted mortgage. The validity of the mortgage is being litigated in Oklahoma County District Court, Case No. CJ-2009-7018. As a result of the litigation the Oklahoma County District Court, no payments will be paid through the Chapter 13 plan on any mortgage obligation. The rights of the holder of any valid mortgage shall pass through this Chapter 13 case unaffected.

(b) Debtor surrenders or abandons the following collateral. Upon confirmation, the stay is lifted as to surrendered or abandoned collateral.

Creditor                                             Collateral to be Surrendered or Abandoned
**None**

### 4. UNSECURED CLAIMS
(a) **Not Separately Classified.** Allowed non-priority unsecured claims shall be paid:
☐ Not less than $ _____ to be distributed pro rata.
☒ Not less than **100.00** percent.
☐ Other: _____

(b) **Separately Classified Unsecured Claims**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| None | | | |

### 5. CURING DEFAULT AND MAINTAINING PAYMENTS
(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay regular postpetition contract payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Interest Rate Arrearage (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|
| None | | | | |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay regular postpetition contract payments directly to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Interest Rate Arrearage (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|
| None | | | | |

### 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor | Property Description | Assume/Reject |
|---|---|---|
| None | | |

### 7. OTHER PLAN PROVISIONS AND MOTIONS
(a) **Motion to Avoid Liens under 11 U.S.C. § 522(f).** Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|

(b) **Lien Retention.** Except as provided above in Section 5, allowed secured claim holders retain liens until:
☐ Liens are released at discharge.
☒ Liens are released upon payment of allowed secured claim as provided above in Section 3.
☐ Liens are released upon completion of all payments under the plan.

(c) **Vesting of Property of the Estate.** Property of the estate shall revest in Debtor:
☒ Upon confirmation
☐ Upon discharge
☐ Other: _____

(d) **Payment Notices.** Creditors and lessors provided for above in Sections 5 or 6 may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

(e) **Order of Distribution.** Trustee shall pay allowed claims in the following order:
**Trustee Commissions**
**Other Administrative Claims**
**Priority Claims**
**Secured Claims**
**General Unsecured Claims**


Dated: August 20 2015

/s/ Roland V. Combs, III
Signature of Attorney

/s/ John Saner
Signature of Debtor

_____
Signature of Spouse (if applicable)

AT&T CREDIT MGMT CTR
PO BOX 721440
NORMAN OK  73070


BEAR AND TIMBERLAKE AND COULSON & CATES
JOHN D WEAVER
PO BOX 18486
OKLAHOMA CITY OK  73154-0486


BRENNER MORTGAGE CORP
3324D FRENCH PARK DRIVE
EDMOND OK  73034


CENTRAL STATES
PO BOX 3130
HUTCHINSON KS  67504


INTERNAL REVENUE SERVICE
55 N ROBINSON
OKLAHOMA CITY OK  73102


MIDLAND CREDIT MGMT INC
8875 AERO DR STE 2
SAN DIEGO CA  92123


NORTHWEST COLLECTORS
3601 ALGONQUIN ROAD STE 232
ROLLING MEADOWS IL  60008


OKLAHOMA TAX COMMISSION
55 NORTH ROBINSON
OKLAHOMA CITY OK  73102


PINNACLE CREDIT SERVICES
PO BOX 640
HOPKINS MN  55343-0640

TULSA ADJUSTMENT BUREAU
1754 UTICA SQ #28
TULSA OK   74114


WELLS FARGO HOME MORTGAGE
3480 STATEVIEW BLVD
FT MILLS SC   29716